**ZOOK, Plaintiff-Appellee v. DEMPSEY, et, Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 3761.   Decided February 1, 1945.

Messrs. Coughlin, Ogier & Lloyd, Mr. Ogier of Counsel, Columbus, for plaintiff-appellee.

Mr. August W. Weber, Columbus, for defendants-appellants.

SHERICK, J., of the Fifth Appellate District sitting by designation in place of Barnes, P. J.

## OPINION

By GEIGER, J.

This is an appeal on questions of law from the final judgment of the Municipal Court of the City of Columbus in which upon the verdict of the jury certain property was awarded to the plaintiff by entry of July 17, 1944.

On November 27, 1943, a petition and affidavit in replevin was filed by Walter R. Zook against Harriet Demsey and Ethel Lamount, also known as Ethel LaMann, et al. The petition recites the fact that since the 4th day of November, 1943, the defendants have wrongfully detained from him certain personal property enumerated, and that the plaintiff is entitled to the immediate possession of said property. Plaintiff says that by reason of the wrongful detention of the above enumerated articles he has been damaged in the sum of $500.00 and he prays judgment against the defendants for the recovery of said personal property and for the sum of $500.00 for the wrongful detention of said personal property.

Harriet Dempsey answered and alleges that the property in the goods and chattels in the petition described is in the defendant, Harriet Dempsey, and not in the plaintiff and that the defendant, Harriet Dempsey, as such owner was at the beginning of the action entitled to the possession thereof, and that of the articles described, certain articles are not in the possession of the defendant, but in the wrongful possession of the plaintiff. She alleges that by reason of the wrongful detention of said articles she has been damaged in the sum of $250.00.

In the cross-petition she states that all the articles listed in the plaintiff's petition were received by the answering defendant from plaintiff in a written bill of sale under date of January 25, 1943; that said articles listed in the plaintiff's petition, together with those described in her cross-petition were delivered to the answering defendant and have been treated as hers until on or about November 4, 1943, and that

the plaintiff wrongfully and without consent of the defendant carried away the property therein described, listing a large number of household furniture and dresses.

Answering defendant also says that the plaintiff since the 4th of November has wrongfully detained from her the described articles, and that the answering defendant is entitled to the immediate possession and that because of the wrongful detention of said articles by the plaintiff she has been damaged in the sum of $350.00. She prays judgment against the plaintiff for the recovery of the personal property referred to in her cross-petition and also described in the plaintiff's petition, and for the sum of $600.00 for the wrongful detention. Her pleadings are accompanied by a proper affidavit in which she restates that she is entitled to the possession of said property immediately and that the same is wrongfully detained by the plaintiff, and was not taken in execution, etc., and that the property is worth $600.00.

Ethel LaMann files a general denial.

The plaintiff replies to the answer of the defendant, Harriet Dempsey, and denies that she is the owner of the property described in his petition and denies that she is entitled to possession and reaffirms his statements in his petition. He answers the cross-petition of the defendant, admitting that he gave a bill of sale to Harriet Dempsey for certain articles of furniture; that said bill was obtained by fraud; that there was no consideration therefor, and that said bill was not valid and is of no force or effect; that he is entitled to the immediate possession of the property in the hands of Harriet Dempsey. He denies that he has any furniture or other property belonging to Harriet Dempsey, and that he is liable to her in damages.

Harriet Dempsey replies to the answer of the plaintiff and admits that the plaintiff gave to her a written bill of sale for the articles described in the petition and in the answer and cross-petition, and further denies that said bill of sale was obtained by fraud, and further answering denies every allegation in plaintiff's answer.

An entry was filed that the cause came on for hearing, and the jury did find the right of property described in the petition and the right of possession thereof to be in the plaintiff at the time of the commencement of the action and rendered a verdict in favor of the plaintiff for damages for the wrongful detention thereof jointly against the defendants in the sum of $250.00, and further that the jury have returned a verdict finding the right of property described in the cross-petition

and of possession thereof to be in the plaintiff and assessed to the plaintiff as damages for wrongful detention of such property the sum of $250.00, and fixed the value of the property at $300.00.

Motion for new trial and for judgment non obstante were overruled and the Court rendered final judgment, that the right of possession and ownership of the chattels described in the petition is in the plaintiff, Walter Zook. It is ordered that a writ of replevin issue to place the said chattels in possession of the plaintiff and judgment is further rendered in favor of the plaintiff and against the defendants, Harriet Dempsey and Ethel LaMann in the sum of $250.00. And the Court further finds that the right of possession and ownership of the chattels described in the cross-petition of Harriet Dempsey is in the plaintiff, Walter Zook, and orders that he be allowed to retain the same and renders judgment against the defendant, Harriet Dempsey, in the additional sum of $250.00.

The bill of exceptions presents the evidence introduced in the case, from which it appears that the plaintiff having recently lost his wife by death, began a friendly relationship with the defendant, Harriet Dempsey, and it is claimed by Harriet Dempsey that during his acquaintanceship with her, which ripened to the point of courtship, he gave her the property described and reinforced his verbal transfer of the property by a formal bill of sale which was recorded in the Recorder's Office of Franklin County, describing the property generally as all the household goods and other property of the grantor without enumerating them severally. It appears that prior to Zook's connection with Harriet Dempsey the property was in storage, but that after his acquaintance with her and his going to a residence near to hers he had the property transfered from the storage plant to her home. Mrs. Dempsey, being overcrowded with this furniture placed a part of it in the possession of Mrs. LaMann. As time progressed the courtship grew more ardent, but suddenly there appeared another lady upon the scene who attracted the attention of Mr. Zook, and he thereupon transferred his affections to her and subsequently married her.

After this occasion, or slightly prior thereto, he sent a moving van to the home of Mrs. Dempsey and loaded the furniture that he claimed to be his or which had been transferred to the home of Mrs. Dempsey into the moving van. He did not get all, but a large portion which consisted of furniture and his personal apparel and dresses that he is alleged to have given to Mrs. Dempsey. Thereupon he began his pro-

ceedings in replevin to obtain possession of the property still at the home of Mrs. Dempsey and that which was at the home of Mrs. LaMann. The testimony was in sharp conflict as to whether Zook had given the property to Mrs. Dempsey as a gift inter vivos, or whether at most he had given it to her in anticipation of his death. As to his allegation that the bill of sale was the result of fraud, he introduces no evidence.

The jury was called upon to determine whether the gift by Zook to Mrs. Dempsey was a transfer of title or whether he had merely taken the property to her house to avoid storage charges and to furnish a room for his own comfort at Mrs. Dempsey's. On first consideration of the evidence we were inclined to the view that Zook during his courtship of Mrs. Dempsey, had parted title with his property irrevocably, but other evidence was introduced which might have convinced the jury that Mrs. Dempsey was using her wiles with Zook to obtain possession of the property, not intending to marry him. However this may be, the jury found in favor of Zook, and the Court ordered the property turned over to him. The jury as incidental to the determination of the right to the possession of the property and under the provisions of §§10475, 10476 and 1558-51 GC, awarded damages to the plaintiff from each of the defendants in the sum of $250.00 for the wrongful detention of the property described in the petition, and additional damages against Mrs. Dempsey in the sum of $250.00 for detention of the property described in her cross-petition. There was no evidence as to any amount of damages suffered by plaintiff by reason of the detention. He admits that he took the property to the Dempsey home for his own convenience and for saving of storage. We cannot let the verdict as to damages stand on the guess of the jury as to what the damages actually were, if any. We are of the opinion that there was enough in the evidence to support the verdict as to the right of possession of the property in the plaintiff, but that there was no evidence justifying the judgment against each of the two defendants in the sum of $250.00, or against Mrs. Dempsey for an additional sum of $250.00.

The judgment of the Court below as to the right of possession of the property is affirmed, but as to the judgment for damages in excess of one dollar, it is reversed. Judgment accordingly.

HORNBECK, and SHERICK, JJ., concur.